UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

AWILDA RODRIGUEZ-HOUTERMAN, as Administratrix of the Estate of STEVEN KENNETH GODDARD a/k/a STEVEN K. GODDARD,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER ANDREW DIAZ SHIELD # 2265, and POLICE OFFICER OSCAR LOPEZ SHIELD # 19733 sued herein in their capacity as individuals,

Defendants.

---------------------------------------------------------------------X

File No. 20-CV-686 (CBA)(VMS)

**SECOND AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff AWILDA RODRIGUEZ-HOUTERMAN, as Administratrix of the Estate of STEVEN KENNETH GODDARD a/k/a STEVEN K. GODDARD, (hereinafter, RODRIGUEZ-HOUTERMAN), by her attorneys, Steven T. Halperin, Esq. of Halperin & Halperin, P.C. and Fred Lichtmacher, Esq. of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under federal law, and more specifically pursuant to 42 U.S.C. §§1983, 1988 and the due process clause of the Fourteenth Amendment to the United States Constitution, as well as pursuant to the laws of the State of New York, and such state claims are properly before this Court pursuant to 28 U.S.C. § 1367.

2. Jurisdiction is founded upon the existence of a Federal Question.

3. Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the Eastern District of New York, inasmuch as the events forming the basis of the Complaint occurred in this District, and subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1343 (a) (3 & 4).

4. Plaintiff's state court claims are properly before this Court pursuant to 28 U.S.C. §1367.

5. This action arises under the United States Constitution, particularly under the provisions of the due process clause of the Fourteenth Amendment and under the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, as well as pursuant to the laws of New York State.

**THE PARTIES**

6. At all times hereinafter mentioned, plaintiff was and still is a resident of the City and State of New York in the County of Queens.

7. Upon information and belief, at all times hereinafter mentioned, defendant CITY OF NEW YORK (hereinafter, NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, that at all times hereinafter mentioned, NYC, its agents, servants and employees operated, maintained and controlled the New York City Police Department (hereinafter, the NYPD), including all the police officers thereof.

9. At all times relevant, defendant Police Officers Andrew Diaz Shield #2265 and defendant Police Officer Oscar Lopez Shield # 19733 (hereinafter, respectively, Defendants Diaz and Lopez) were duly appointed and acting as employees of the NYPD, and at all times relevant they were state actors acting under color of law.

10. The named individual defendants in this lawsuit are sued herein in their capacity as individuals.

**FACTS UNDERLYING**
**PLAINTIFF'S CLAIMS FOR RELIEF**

11. On or about November 10, 2018 at approximately 3:30 AM, plaintiff's decedent STEVEN KENNETH GODDARD a/k/a STEVEN K. GODDARD was riding his motorbike in the Sunnyside section of Queens, with his girlfriend riding on his seat behind him.

12. On that date and time, it was cold, dark and raining and the roads were wet and slippery.

13. Upon information and belief, without a reason to believe that the plaintiff's decedent or his girlfriend had committed an offense, much less a serious offense meriting a high speed pursuit in the rain on wet and slippery roads, defendants Diaz and Lopez began pursuing plaintiff's decedent and his passenger at a high rate of speed for no legitimate law enforcement purpose.

14. Upon information and belief, the defendants Diaz and Lopez knew the plaintiff's decedent and had interacted with him previously about not wanting him to ride his motorbike.

15. Upon information and belief, the defendants Diaz and Lopez were angry with the plaintiff's decedent for continuing to ride his motorbike.

16. The roads on which the high speed chase occurred are well traveled and frequently have traffic on them -- even at night.

17. After pursuing the plaintiff's decedent's motorbike through several blocks, including several intersections and turns, plaintiff's decedent's motorbike skidded and

struck another vehicle, on 43rd Avenue just west of 38th Street in Queens New York as it was heading eastbound, causing plaintiff's decedent and his girlfriend to sustain critical injuries, resulting in their deaths.

18. Conducting this high speed chase was undertaken maliciously, with the defendants aware that the chase they undertook in the conditions they undertook it, would result in egregious harms to the plaintiff's decedent, which it did.

19. The conduct the defendants engaged in was conducted and intended to punish and injure, and such conduct was unjustifiable pursuant to any government interest, as defendants had to know to a moral certainty that a high speed chase of a motorbike in the dark, in the rain, and through streets and intersections which frequently have traffic, would result in plaintiff's decedent's injury or death.

20. At a bare minimum, defendants' conduct was grossly negligent and reckless and resulted in plaintiff's decedent's massive harms.

21. Due to their being aware of their wrongful and illegal behavior, the defendants fled the scene of the incident, leaving the plaintiff's decedent and his passenger on the street bleeding and suffering.

## CONDITIONS PRECEDENT

22. On January 31, 2020, plaintiff filed a Petition in Queens Supreme Court requesting permission to file a Late Notice of Claim and said Petition was granted on February 27, 2020 by Order of the Honorable Kevin J. Kerrigan, Justice of the Supreme Court, County of Queens.

23. Annexed as an exhibit to said Petition was the plaintiff's proposed Notice of Claim which Judge Kerrigan deemed served *nunc pro tunc* as of the date of the filing of the Petition, January 31, 2020.

24. Plaintiff's Notice of Claim states causes of action for negligence, conscious pain and suffering, fear, anxiety and wrongful death.

25. As of the commencement of this action, the plaintiff's 50-H hearing has yet to be noticed or conducted.

26. This action is commenced within one year and ninety days of the occurrence of the events upon which the state claims premised on negligence are based, within two years of when the wrongful death action became ripe, and within three years of when plaintiff's federal cause of action arose.

27. Defendant NYC is vicariously liable to the Plaintiff for the individual defendants' New York State law torts via the principle of *respondeat superior*.

28. New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

**AS AND FOR A FIRST CAUSE OF ACTION**
**AGAINST POLICE OFFICER ANDREW DIAZ SHIELD # 2265**
**and POLICE OFFICER OSCAR LOPEZ SHIELD # 19733**
**VIOLATION OF THE FOURTEENTH AMENDMENT'S**
**DUE PROCESS CLAUSE PURSUANT TO**
**42 U.S.C. §§ 1983 and 1988**
**SUBSTANTIVE DUE PROCESS VIOLATION**

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

30. By reason of the aforementioned, defendants Diaz and Lopez violated plaintiff's decedent's rights under the due process clause of the Fourteenth Amendment to the United States Constitution.

31. Defendants Diaz and Lopez, while acting as state actors under color of law, maliciously entered into a high speed chase of plaintiff's decedent, under conditions in which they intended to harm the plaintiff's decedent, either by causing him due to fear to commit a crime by driving recklessly or to physically harm him in the dark, cold, rainy and wet streets, for no legitimate law enforcement purpose; and the said defendants had to know to a moral certainty such a high speed chase under such conditions would lead to plaintiff's decedent being injured or killed.

32. Defendants Diaz and Lopez acted maliciously, egregiously, and with evil intent and their arbitrary abuse of governmental power shocks the conscience.

33. Upon information and belief, defendants Diaz and Lopez knew the plaintiff's decedent and were angry at him for driving his motorbike in the area, as they knew him to do previously.

34. Upon information and belief, defendants Diaz and Lopez, acted on a vendetta against plaintiff's decedent for continuing to ride his motorbike in the area.

35. Upon information and belief, defendants Diaz and Lopez acted on said vendetta by losing their tempers and intentionally trying to hurt, scare or encourage plaintiff's decedent to commit a crime as part of their vendetta against plaintiff's decedent for continuing to ride his motorbike in the area; and it was this malice on the part of said defendants which caused plaintiff's decedent's injuries and death.

36. Defendants Diaz and Lopez' actions constituted an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment as a violation of substantive due process.

37. Defendants Diaz and Lopez' actions caused the plaintiff's decedent pain, suffering, emotional harms, fear of imminent death, death, and the loss of enjoyment of life.

38. By reason of the aforesaid, the plaintiff has been damaged and is entitled to compensatory damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS and punitive damages in an amount to be determined by the trier of fact and an award of attorneys' fees pursuant to 42 U.S.C. §1988 is appropriate.

**AS AND FOR A SECOND CAUSE OF ACTION**
**AGAINST POLICE OFFICER ANDREW DIAZ SHIELD # 2265**
**and POLICE OFFICER OSCAR LOPEZ SHIELD # 19733**
**VIOLATION OF THE FOURTEENTH AMENDMENT'S**
**DUE PROCESS CLAUSE PURSUANT TO**
**42 U.S.C. §§ 1983 and 1988**
**DUE PROCESS VIOLATION**
**DUE TO THE DENIAL OF MEDICAL CARE**

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

40. Plaintiff's decedent was denied timely necessary medical care by the Defendants Diaz and Lopez who fled the scene after they had effectively stopped the plaintiff's decedent by causing him to crash into another vehicle.

41. Once effectively seized and unable to procure such medical help for himself there arose a corresponding obligation for the said defendants to seek medical care for

the severely injured plaintiff's decedent and his passenger which they neglected to do and instead they chose to flee the scene.

42. Due to the defendants' failure to procure for the plaintiff's decedent timely necessary medical care, in a situation in which he could not procure such assistantce for himself, the defendants have violated the due process clause of the Fourteenth Amendment, by diminishing plaintiff's decedent's chance for survival and causing him pain and suffering.

43. By reason of the aforesaid, the plaintiff has been damaged and is entitled to compensatory damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS and punitive damages in an amount to be determined by the trier of fact and an award of attorneys' fees pursuant to 42 U.S.C. §1988 is appropriate.

**AS AND FOR A THIRD CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF**
**AGAINST THE CITY OF NEW YORK**
**COMMON LAW NEGLIGENCE/VIOLATION OF**
**NEW YORK STATE VEHICLE AND TRAFFIC LAW**

44. Plaintiff repeats, reiterates and realleges each and every allegatiocontained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

45. Upon information and belief, at all times hereinafter mentioned, defendant NYC was and still is the titled owner of a certain motor vehicle (hereinafter, the RMP).

46. At all times hereinafter mentioned, plaintiff's decedent operated, managed and controlled a certain motorbike, to wit, a 2018 Suzuki Motorbike bearing license plate number 74TR18.

47. Without a legitimate law enforcement reason to do so, defendants Diaz and Lopez while driving the aforementioned RMP pursued plaintiff's decedent escalating and

causing the pursuit to turn into a high speed chase, under dangerous conditions, in the rain and at night.

48. After pursuing the plaintiff's decedent's motorbike through several blocks, including several intersections and turns, decedent's motorbike due to the high speed chase, was caused to strike another vehicle, on 43rd Avenue just west of 38th Street in Queens New York as it was heading eastbound, causing plaintiff's decedent and his girlfriend to sustain critical injuries resulting in their deaths.

49. The aforesaid occurrence and the resultant injuries sustained by the plaintiff's decedent were caused solely by reason of the negligent conduct committed against the plaintiff's decedent by NYC, by and through its officers, agents and employees who were engaged in the operation of the RMP, while acting in the scope of their employment with the NYPD.

50. Defendants Diaz and Lopez violated the mandates of NY VTL §1104 in that they exceeded the maximum speed limits endangering life in what was not an emergency situation.

51. Upon information and belief the defendants Diaz and Lopez violated the mandates of the Patrol Guide regarding high speed chases.

52. In particular, it is alleged that the aforesaid occurrence and the resultant injuries sustained by the plaintiff's decedent and his passenger were caused by and through the negligence, carelessness, recklessness, intentional conduct and wanton disregard on the part of NYC by and through its officers, agents and employees, including Defendants Diaz and Lopez and/or other members of the NYPD, and each of them, as follows:

(a) In the ownership, management, operation, maintenance and control of the aforesaid RMP who gave chase to the plaintiff's decedent and his girlfriend on November 18, 2018;

(b) In operating the aforesaid RMP in a careless and imprudent manner under the conditions then and there existing;

(c) In operating the aforesaid RMP at an excessive and dangerous rate of speed or at such rate of speed that care and caution would permit under the circumstances then and there existing;

(d) In failing to equip the aforesaid RMP with appropriate safety and emergency equipment in compliance with law;

(e) In failing to equip the aforesaid RMP with proper brakes; in failing to make proper application of the brakes; in failing to apply the brakes in time;

(f) In failing to look;

(g) In failing to see;

(h) In failing to stop;

(i) In failing to yield;

(j) In failing to observe the roadway;

(k) In failing to maintain the aforesaid RMP under due and proper control;

(l) In failing to sound horn or give any signal, notice or warning;

(m) In failing to avoid a collision although the operator had a full opportunity to avoid same;

(n) In failing to obey the traffic signals provided in the vicinity of the aforementioned roadway;

(o) In failing to obey the signs provided in the vicinity of the aforementioned roadway;

(q) In failing to comply with the statutes, laws and ordinances made and provided for vehicular traffic on the highways of the State of New York;

(r) In failing to comply with the statutes, laws and ordinances made and provided for vehicular traffic on the highways of the City of New York;

(s) In failing to comply with the rules and regulations applicable to police or emergency vehicles promulgated by the City of New York, the State of New York and/or the NYPD;

(t) In failing to prevent a collision although defendant NYC by and through its officers, agents, employees and/or subcontractors, including the defendants Diaz and Lopez, had a full opportunity to avoid same;

(u) In acting with "reckless disregard" as contemplated by the Vehicle and Traffic Law Section 1104, in that the defendants Diaz and Lopez in what is properly characterized as an authorized emergency vehicle pursuant to NY VTL § 1104 intentionally drove in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and did so with conscious indifference to the outcome. In light of the rainy, wet, dark conditions, the nature of the reason to chase the plaintiff's decedent, if any, was in no way serious enough to take the reckless actions the defendants Diaz and Lopez took in causing a high speed pursuit. The defendants Diaz and Lopez' actions in driving at such a high speed were intentionally done in an act of an

unreasonable character in disregard of the known and obvious risk that was known to the officers which was so great as to make it highly probable that harm would follow and they entered into the high speed chase with conscious indifference to the outcome.; and

(v) In otherwise being careless, negligent and reckless in the happening of the aforesaid occurrence.

53. By reason of the negligence of the defendants NYC and Diaz and Lopez, plaintiff's decedent was caused to sustain serious and severe personal injuries, emotional harms including but not limited to the fear of death, and death.

54. By reason of the foregoing, plaintiff's decedent has sustained a serious personal injury greater than that as defined in Subdivision (d) of Section 5102 of The Insurance Law of The State of New York, and has sustained a serious economic loss greater than that as defined in Subdivision (a) of Section 5102 of The Insurance Law of The State of New York.

55. By reason of the foregoing, plaintiff is entitled to recover for non-economic loss and for all economic losses sustained.

56. By reason of the foregoing, plaintiff has been damaged in a sum not less than ONE MILLION ($1,000,000.00) DOLLARS.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE CITY OF NEW YORK PURSUANT TO N.Y.P.T.L. § 5-4.1 (1) et seq. WRONGFUL DEATH**

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

58. The death of plaintiff's decedent was caused entirely by the negligence, recklessness and intentional behavior of the defendants.

59. Defendant NYC by its agents, servants, and/or employees negligently, recklessly and intentionally supplied defendants Diaz and Lopez with an RMP.

60. Defendant NYC by its agents, servants, and/or employees knew of and/or should have known of the, reckless, hazardous,, and otherwise dangerous nature of said defendants Diaz and Lopez and negligently, recklessly and intentionally failed to remove the said defendants from operating an RMP.

61. Pursuant to N.Y.E.P.T.L. § 5-4.1, due to defendants' negligent, reckless and wrongful acts and the resulting death of plaintiff's decedent, defendant NYC is liable to the plaintiff for all lawful elements of recoverable damages, including but not limited to, loss of services for the Plaintiff, and the reasonable funeral expenses of the plaintiff's decedent, and all damages due to the effect of the wrongful act on the distributees together with interest from November 10, 2019.

62. By reason of the foregoing, plaintiff has been damaged in a sum not less than ONE MILLION ($1,000,000.00) DOLLARS.

**JURY DEMAND**

63. Plaintiff hereby demands a trial by jury.

**WHEREFORE,** plaintiff respectfully requests that judgment be entered as follows:

(A) Compensatory damages in the amount of FIVE MILLION ($5,000,000.00) on the plaintiff's constitutional claim as well as punitive damages;

(B) Compensatory damages in the amount of ONE MILLION ($1,000,000.00) on the plaintiff's New York State law claims;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual defendants in an amount to be fixed at trial on plaintiff's federal cause of action;

(D) An award to plaintiff of the costs and disbursements herein;

(E) A trial by jury on all plaintiff's causes of action;

(F) An award of attorneys' fees under 42 U.S.C. §1988 on plaintiff's first cause of action; and

(G) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
November 30, 2020

_______________\S_____________________
Steven T. Halperin, Esq.
HALPERIN & HALPERIN, P.C.
Co-Counsel for Plaintiff
AWILDA RODRIGUEZ-HOUTERMAN
as ADMINISTRATOR OF THE ESTATE OF
STEVEN KENNETH GODDARD
a/k/a/ STEPHEN K GODDARD
Office & P.O. Address
18 E. 48th Street
New York, New York 10017
(212) 935-2600
&
Fred Lichtmacher, Esq.
LAW OFFICE OF FRED LICHTMACHER P.C.
Co-Counsel for Plaintiff
AWILDA RODRIGUEZ-HOUTERMAN
as ADMINISTRATOR OF THE ESTATE OF
STEVEN KENNETH GODDARD
a/k/a/ STEPHEN K GODDARD
Office & P.O. Address
116 W. 23rd Street, 5th Fl.
New York, New York 10011
(212) 922-9066

To: The City of New York
James Johnson Corporation Counsel
100 Church Street
New York, NY 10007